# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

MINNIE DANTZLER

VERSUS

FANTASIA DELACERDA, ET AL.

NO.   2020 CW 1108

**DECEMBER 30, 2020**

---

In Re:   Autozone Stores, LLC and Greenwich Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 656742.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

**WRIT GRANTED.**   Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. **Louisiana Dep't of Transp. & Dev. v. Kansas City S. Ry. Co.**, 2002-2349 (La. 5/20/03), 846 So.2d 734, 739. Accordingly, "evidence of furnishing or offering or promising to pay expenses or losses occasioned by an injury to person or damage to property is not…admissible to mitigate, reduce, or avoid liability therefor." La. Code Evid. art. 409. However, Article 409 "does not require the exclusion of such evidence when it is offered solely for another purpose…" See **Turcich v. Baker**, 594 So.2d 505, 508 (La. App. 5th Cir. 1992). Evidence of the financial arrangement between HMR and the plaintiff's health care providers is admissible pursuant to La. Code Evid. art. 607 for the purpose of impeaching the credibility of the plaintiff's treating physicians. See **Thomas v. Chambers**, No. CV 18-4373, 2019 WL 8888169, at *4 (E.D. La. Apr. 26, 2019). Accordingly, we grant the writ and reverse the trial court's June 1, 2020 judgment granting the plaintiff's Motion in Limine and/or Motion to Exclude Payment by Collateral Sources to the extent it bars the relators from introducing evidence of the financial arrangement between HMR and the plaintiff's health care providers for the purpose of impeaching the credibility of the plaintiff's treating physicians.

**JMG**
**PMc**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT